Den *v.* Shupe.

JOHN DEN ex. Dem. WILLIAM LAYTON v. RICHARD FEN, HENRY SHUPE, tenant in possession.

This court will admit a person to defend as landlord, along with the tenant in possession, where it appears that the title of such person is connected to, and con sistent with the possession of the occupant, and that this connexion existed prior to the commencement of the action

An application was made in this suit, to admit John Rutherfurd to defend, as landlord, along with Henry Shupe, the tenant in possession. *Vanarsdale* and *I. H. Williamson*, argued in support of the application. *Drake*, contra.

HORNBLOWER, C. J. A similar motion has been heretofore made in this cause. It was denied by the court, on the ground that the applicant had not shown himself to be such *landlord*, or other *proper person*, as is entitled to be made defendant. 1 *Green Rep.* 66.

It is not necessary to repeat what was said on that occasion, as to the meaning of the terms " other proper person." With the construction there given to those words, I am perfectly satisfied. The question under our act of Assembly, is precisely what it is in England, under the statute of 11 *Geo.* 2 *c.* 19, viz : who is such landlord, or landlord in such a sense as to be entitled to be made defendant ? The general answer to this question is, " every person *whose title* is connected to, and consistent with the possession of the occupier, and divested or disturbed by any claim adverse to such possession." But this does not mean any person whom the occupant may choose to set up as his landlord. This would be to put it in the power of the tenant to determine who may be made defendant, instead of referring the question to the court. On the contrary, it must be some person *whose title* to the premises may be divested or disturbed. The court must then be satisfied that the person applying to be let in to defend, has *a title* of some sort, that may be prejudicially affected by a recovery against the tenant. It appears by the exhibits and affidavits that have been produced and read, that the premises in question lie wholly, or in part, within a certain tract of land, known or described, as lot No. 3, of Sussex allotments. The applicant in support of his right to be considered as landlord, produces documentary title to the prem-

ises, extending back for a period of more than thirty years.   In connexion with this, on the first application, it appeared, that about twenty-six years ago, one Thrall was in possession under Mr. Rutherfurd, and acknowledged him as his landlord; that between the years 1813 and 1819, the possession passed, with the consent of Thrall, into other hands; that there had been several intermediate occupants between Thrall, and the present tenant; but the applicant entirely failed to show any recognition of tenancy under him, by any of the intermediate occupants, or any privity or connexion between him and them.   Under these circumstances, this court considered Mr. Rutherfurd, only in the light of a stranger, claiming title, and therefore not landlord, in such sense as to be admitted to defend.   In delivering the opinion of the court, Chief Justice Ewing remarks, that it did not appear *when* or in *what manner*, or *under whom*, Shupe, the present occupant, came into possession, "nor that then, or at any previous time, he held under any agreement with John Rutherfurd, or even by his *permission* or *consent.*"

The question then arises; have the additional affidavits that have been adduced, changed the character in which Mr. Rutherfurd appears before the court?   I am inclined to think they have materially altered it.

The evidence of Thrall's tenancy under Rutherfurd, is, (at least for this purpose) clear and satisfactory.   Samuel S. Thrall proves, that the person who immediately succeeded his father, entered, by his father's permission.   Jacob Stoll testifies, that Taylor was the immediate successor of Thrall, and that he entered *under* Thrall; from him, the possession passed to Hazen, next to Coss, and from him, to Stroud; and Stroud, sold his possession or improvement to Shupe, the present occupant.   It would not be a violent presumption in law, in the absence of any adverse claim or pretence on their part, to consider each of these successive occupants, as tenants at will, of Mr. Rutherfurd; as they all derived their respective possessions of and under Thrall, who was his known, and admitted tenant. But it appears by the deposition of Abraham Norris, that when Shupe built his house on the premises, which was soon after he went into possession, he fully recognized the title of Mr. Rutherfurd; that he considered himself as holding under him, and in

the confidence that he was the landlord, and would deal justly with him, he ventured to build a house on the premises. Shupe, then considered himself in possession, by the permission and consent of Mr. Rutherfurd ; and as his tenant, bound to give him, and did give him notice of the ejectment.

It is true, there is evidence that Thrall originally took possession under Brink, through whom, the lessor of the plaintiff now claims ; but as long ago as the year 1798, he denied the title of Brink, and became the tenant of Mr. Rutherford, and held under him, at least down to 1815, when they settled and passed receipts to each other. During all the intermediate period between 1798 and this time, Brink, and those claiming under him, have failed to reclaim the possession ; and according to the deposition of Norris, Brink told him that he had kept back from Brokaw, a part of the purchase money he was to pay him for the land, because Thrall would not give up to him, the possession of it.

It is, upon the whole, perfectly manifest, that Shupe, the occupant, has no title, and pretends to none ; that the contest is between the lessor of the plaintiff and Mr. Rutherfurd. The possession ought not to be changed without a trial, and that cannot be obtained without permitting Mr. Rutherfurd to defend with the tenant, if the tenant is willing, and without him, if he is not.

I am therefore of opinion, the rule ought to be made absolute.

FORD, J. An application in behalf of John Rutherfurd, esq. has been made to the court, for leave to defend in this suit, as landlord, along with Henry Shupe, the tenant in possession, agreeably to the provisions of the statute. *Rev. Laws,* 193, *sec.* 14, and 425, *sec.* 91. Who are legally meant by the words "landlord or other proper person," is a question that has frequently arisen, and in 3 *Bur.* 1290, they were decided to comprehend any one, "whose title is connected to, and consistent with the possession of the occupant; " but this connexion must have existed between them prior to the commencement of the action. 1 *Green,* 66. Whether the affidavits now before the court bring the applicant's case within those principles, is the question now to be considered. And I think they do.

Den *v.* Shupe.

In the year 1798, a person by the name of Prall, took a written lease of these premises, under Mr. Rutherfurd, whereby he recognized his title to them; and held possession under it. Afterwards, Prall transferred the possession and improvement made on the premises, to one Taylor, and he, by coming into possession under the tenant, is to be considered as standing in the same relation; for neither the tenant nor any one holding under him, can question the landlord's title. Then Taylor, in like manner, transferred the possession with his improvements, to Hazen; he, in like manner, to Coss; he, in like manner, to Stroud; and he, in like manner to Henry Shupe, the present occupant; so their possessions were all under Prall, the first tenant, mediately or immediately, for a long and peaceable period of thirty years; not one of them claiming the premises to be his own, or setting up a title to them out of their original landlord. Moreover, when Henry Shupe, the last in the line, and present occupant, had obtained the possession, he recognized the same landlord under whom Prall had first entered, not by any collusion since this action has been commenced, but five years ago, when he built a new house on the premises, and expressed his direct confidence in the justice of Mr. Rutherfurd, as owner of the land, not to take any advantage of him. Accordingly, as soon as this ejectment was brought against the land, by a stranger, he gave immediate notice of it to the present applicant as his landlord; and all his hope of remuneration for the expenses of building the house must rest on his connexion with the title under which he acted in building the house. The title being therefore connected to and consistent with the occupation of the tenant, they ought not to be severed by the act of the court.

On the other hand, what is the reason offered against admitting Mr. Rutherfurd to defend? It is alleged, that he was not the legal landlord of Prall, the first tenant in the line of occupants, and therefore, could not be so of any of them by their succession to him. The plaintiff shews title to this land under a Mr. Brink, twenty-eight years ago; and that this same Prall was then the tenant of Mr. *Brink*, and paid rent for the premises to *him*, until about twenty-eight years ago, when, forsaking

his lawful landlord, he wrongfully attorned to Mr. Rutherfurd, and took a lease under him; but that this attornment was absolutely void under the statute; and therefore, that this Prall, and all those that came into possession *under him*, are to be considered as holding under Brink, and not under Rutherfurd. If the facts and circumstances connected with that attornment, had been fully shewn to the court they might determine whether it was rightfully or wrongfully made. If wrongfully made, it was clearly void under the statute, and exposed Prall to be proceeded against by Mr. Brink, as a trespasser; therefore, he and the person to whom he wrongfully attorned, began, at that time, an adverse possession of the premises; and the plaintiff shows no reasons for his submitting to this adverse possession above twenty years; nor are the proper facts now before the court, for estimating the legality or illegality of the attornment. The trial will be the proper time to shew those facts and reasons. At present, the occupant and Mr. Rutherfurd, appear to have been so long and so consistently connected as landlord and tenant, in respect of one another, that the right of their uniting together in defence of this possession, and in justification of that attornment, if one shall be shown on the trial, cannot be denied to them under the statute. We must, therefore, grant the application.

RYERSON, J. delivered no opinion, having been of counsel with one of the parties before his appointment.

Application granted.

SEE same case, 1 *Gr.* 66.